IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| **TERRENCE M. GORE** § | |
| Plaintiff, Pro se § | |
| § | |
| v. § | No. **3-25CV2802-S** |
| § | |
| **CITY OF DESOTO, TEXAS,** § | |
| **RACHEL L. PROCTOR**, in her individual/official § | |
| capacity as Mayor, **ANDRE BYRD, SR.**, in his § | |
| individual/official capacity as City Councilman; and § | |
| **JOSEPH GORFIDA**, in his individual/official § | |
| capacity as City Attorney | |
| **Defendants** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION, AND DAMAGES**

COMES NOW Plaintiff **Terrence M. Gore** ("Plaintiff"), a resident of the City of DeSoto, Texas, who brings this Original Petition and Complaint for Damages, Declaratory, and Injunctive Relief to vindicate his constitutional rights and to expose a flagrant abuse of governmental power. Plaintiff files this action against the City of DeSoto, Texas, a municipal entity; Rachel L. Proctor, in her official capacity as Mayor; Andre Byrd, Sr., in his official capacity as City Councilmember; and Joseph Gorfida, in his official capacity as City Attorney (collectively, "Defendants"). And all Defendants in their individual capacity.

This lawsuit arises from a willful and coordinated campaign by these public officials to silence dissent, punish criticism, and weaponize City authority against the very citizens they are sworn to serve. Through deliberate acts of censorship, intimidation, and retaliation, Defendants transformed the people's forum, DeSoto City Hall, into a stage for oppression, trampling the First Amendment and betraying the public trust. Plaintiff now comes before this Honorable Court seeking redress for these egregious violations of the First and Fourteenth Amendments to the United States Constitution and for the restoration of the freedoms that safeguard every citizen's voice in a democracy.

**I. PRELIMINARY STATEMENT**

1. This is a civil rights action arising under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. Plaintiff **Terrence M. Gore** seeks declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees from Defendants, the **City of DeSoto** and its elected officials **Mayor Rachel L. Proctor** and **Councilmember Andre Byrd Sr.** acting under color of state law, have engaged in a pattern and practice of suppressing core political

speech, criticism of public officials, and the right to petition the government for redress of grievances at City Council meetings. This suppression is effectuated through unconstitutional rules, enforced by the Mayor and Council, and given a false imprimatur of legality by the City Attorney. The Defendants' actions constitute viewpoint discrimination and a prior restraint on speech in a traditional public forum.

2. The City has adopted and enforced an unconstitutional policy known as the *Citizen's Commitment*, which forbids citizens from naming, criticizing, or questioning elected officials during public comment, and which empowers the Mayor or Councilmember to remove speakers for "personal," "impertinent," or "disrespectful" remarks. These restrictions constitute a **content- and viewpoint-based prior restraint** in violation of the First Amendment.

3. The Plaintiff, Terrence Gore, was silenced, threatened with removal, and ultimately ejected from a City Council meeting on September 16, 2025, for the content of his speech—specifically, for naming and criticizing elected officials. The individual Defendants continue to threaten enforcement of these unlawful policies, creating an ongoing and imminent chill on protected speech. Plaintiff seeks damages for the violation of his constitutional rights, as well as declaratory and injunctive relief to prevent further violations against himself and all citizens.

## II. PARTIES

4. **Plaintiff Terrence Gore** is a 21 year resident of the City of DeSoto, Dallas County, Texas.

5. **Defendant City of DeSoto, Texas** ("the City") is a home-rule municipal corporation organized under the laws of the State of Texas and a "person" subject to suit under 42 U.S.C. § 1983. The City is responsible for the official policies, customs, and practices at issue, including the "Citizen's Commitment" rule and the training and supervision of its officials.

6. **Defendant Rachel L. Proctor** is the Mayor of the City of DeSoto. She is sued in her official and individual capacity. At all relevant times, she acted under color of state law and was a final policymaker for the City regarding the conduct of City Council meetings.

7. **Defendant Andre Byrd, Sr.** is a City Councilman for the City of DeSoto. He is sued in his official and individual capacity. At all relevant times, he acted under color of state law and participated in the suppression of Plaintiff's speech.

8. **Defendant Joseph Gorfida** is the City Attorney for the City of DeSoto. He is sued in his individual capacity and official capacity as City Attorney for the City of DeSoto, is the chief legal officer of the municipality. He is sued in his official and individual capacity. At all relevant times, he acted under color of state law and provided legal advice that facilitated and justified the constitutional violations, including providing a legally erroneous interpretation of the Texas Open Meetings Act to the public to stifle criticism.

## III. JURISDICTION AND VENUE

9. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983 and the First and Fourteenth Amendments.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because all Defendants reside in this district and a substantial part of the events giving rise to the claim occurred in Dallas County, within the Northern District of Texas.

## IV. FACTUAL ALLEGATIONS

### A. The Unconstitutional Policy and the September 16, 2025 Incident

11. On September 16, 2025, Plaintiff Terrence Gore attended a duly convened meeting of the DeSoto City Council.

12. During the "Citizen Appearances" portion of the meeting, Plaintiff attempted to exercise his rights under the First Amendment to speak on matters of public concern, including government transparency, public finance, and the official conduct of elected officials.

13. Plaintiff's speech involved naming and criticizing Defendants Proctor and Byrd in connection with their official duties and alleged misconduct.

14. While Plaintiff was speaking, Defendant Byrd initiated a "point of order," and Defendant Proctor interrupted Plaintiff, declaring his remarks "personal," "impertinent," and "slanderous."

15. Plaintiff was not disruptive, did not use profanity, and did not exceed his allotted time. His removal was based solely on the *content* and *viewpoint* of his speech, namely his criticism of sitting council members.

16. Under threat of forcible removal, Plaintiff was compelled to leave the council chamber, thereby silencing his speech and cutting short his time to petition his government.

17. This action was taken pursuant to the City's "Citizen's Commitment" rule, which operates as a prior restraint by prohibiting speech that names officials or is deemed "personal" or "impertinent" criticism.

18. Plaintiff suffered embarrassment, humiliation, intimidation, and emotional distress before peers and the public. The event was broadcasted live and has been shared by others on multiple social media platforms.

### B. The City Attorney's Role in Ratifying the Violation

19. Later in the same meeting on September 16, 2025, citizen Bernadine Harrison addressed the Council and directly asked Defendant City Attorney Gorfida: "do i not have the right to voice my opinion regarding public servants who are doing ill things for this community?"

20. In response, Defendant Gorfida, acting under color of law and providing official legal guidance, stated: "*Section 551.007 of the Texas Government Code does not apply to citizen comments. That the council can have rules as it relates to citizens comments. They can have reasonable rules as it relates to citizen comments. I think our rules are pretty reasonable*."

21. This statement was a misstatement of law. Tex. Gov't Code § 551.007(e) explicitly provides that "A governmental body may not prohibit public criticism of the governmental body, including criticism of any act, omission, policy, procedure, program, or service." By falsely advising the public that this statute does not apply, Defendant Gorfida provided legal cover for the City's unconstitutional policy and actively chilled protected speech.

22. The actions of Defendants Proctor, Byrd, and Gorfida represent the official policy, custom, and practice of the City of DeSoto of suppressing disfavored speech.

23. Acting under color of state law, Defendant Gorfida affirmatively advised the City Council during a public meeting that Section 551.007 of the Texas Government Code "does not apply to citizen comments" and that the Council "can have rules" restricting what citizens may say during public comment, asserting that "our rules are pretty reasonable."

24. This public statement, made during the September 16, 2025 DeSoto City Council meeting, served to ratify and reinforce the City's ongoing unconstitutional policy, thereby sanctioning viewpoint-based censorship of citizens, including Plaintiff, in violation of the First Amendment.

---

## V. CAUSES OF ACTION

### COUNT ONE
### 42 U.S.C. § 1983 – VIOLATION OF FIRST AMENDMENT RIGHTS (Against All Defendants)

25. Plaintiff realleges and incorporates by reference all preceding paragraphs.

26. The City Council meeting is a "limited public forum" or "designated public forum" where restrictions on speech must be reasonable and viewpoint-neutral. See *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819 (1995); *City of Madison Joint Sch. Dist. v. WERC*, 429 U.S. 167 (1976); *Fairchild v. Liberty ISD*, 597 F.3d 747 (5th Cir. 2010).

27. The Defendants, acting under color of state law, engaged in viewpoint discrimination by silencing and removing Plaintiff because his speech was critical of elected officials, while permitting speech that praises or is neutral toward those same officials.

28. The City's "Citizen's Commitment" rule is facially unconstitutional because it bans a category of speech—public criticism of officials by name—that is at the very core of First Amendment protection.

29. The Defendants' actions, including the threat and act of removal, constitute an unlawful prior restraint on protected speech.

30. The individual Defendants are final policymakers whose actions established municipal policy, and the City is liable for their conduct.

31. Defendant Gorfida, by misstating the law to the public, actively participated in and facilitated this constitutional violation, chilling the speech rights of Plaintiff and all citizens.

32. As a direct and proximate result of these violations, Plaintiff has suffered the following damages:
    (a) **Deprivation of Constitutional Rights:** The direct and palpable injury of having his First Amendment rights to free speech and to petition the government violated.
    (b) **Emotional Distress:** Embarrassment, humiliation, and intimidation from being publicly silenced and ejected from a government meeting for exercising a fundamental right.
    (c) **Oppression Under Color of Authority:** The profound sense of powerlessness and injustice inflicted by government officials who misuse their power to suppress dissent.

## COUNT TWO
## VIOLATION OF THE FOURTEENTH AMENDMENT (DUE PROCESS & EQUAL PROTECTION)

33. By arbitrarily enforcing vague and subjective rules ("personal," "impertinent"), Defendants deprived Plaintiff of due process of law and equal protection.

34. The lack of clear standards invites discriminatory enforcement based on viewpoint and impermissible personal bias. See *Grayned v. City of Rockford*, 408 U.S. 104 (1972)

## COUNT THREE
## VIOLATION OF THE TEXAS FREE SPEECH AND RIGHT TO ASSEMBLE STATUTES (Against All Defendants)

35. Plaintiff realleges and incorporates by reference all preceding paragraphs.

36. Tex. Civ. Prac. & Rem. Code § 106.001 prohibits a governmental body from infringing upon a person's freedom of speech, and provides for damages and injunctive relief.

37. Defendants' actions, as described above, constitute an unlawful infringement of Plaintiff's freedom of speech in violation of Texas state law.

## COUNT FOUR
## 42 U.S.C. § 1983 – MUNICIPAL LIABILITY (MONELL CLAIM)

38. The **City of DeSoto** is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the challenged "Citizen's Commitment" rule and its selective enforcement constitute an **official municipal policy** adopted, ratified, and maintained by final policymakers—the **Mayor**, **City Council**, and **City Attorney**—acting under color of state law. The policy's plain language and implementation reflect deliberate decisions to suppress citizen speech critical of city officials, in direct violation of clearly established constitutional standards.

39. Under *Biggers v. Massingill*, No. 23-11023 (5th Cir. Feb. 7 2025), the Fifth Circuit reaffirmed that removing or silencing a speaker during a public-comment period based on disagreement with the speaker's views constitutes **a textbook violation of the First Amendment**. The court held that a plaintiff plausibly states a § 1983 claim where (1) the presiding officer's actions amount to **viewpoint discrimination in a limited public forum**, and (2) the right to be free from such discrimination was **clearly established** at the time

40. Here, Plaintiff alleges that DeSoto's officials, acting jointly and under color of law, silenced him not for disruption but because they disagreed with his criticism of the Mayor, Councilmember Byrd, and the City Attorney. Such allegations mirror those in *Biggers*, where the Fifth Circuit rejected qualified immunity and reversed dismissal, explaining that "silencing a speaker because the presiding officer disagreed with his views is a textbook violation of the First Amendment."

41. Further, *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010), recognized that a governmental body's exclusion of certain topics or speakers from its public meetings, if based on viewpoint, contravenes the First Amendment. The Fifth Circuit's *Biggers* opinion distinguishes *Fairchild* and clarifies that when a decorum rule is used as a **pretext** to silence disfavored views, it violates clearly established law.

42. Because the City's policymakers themselves promulgated and ratified the viewpoint-based rule, **municipal liability attaches directly** under *Monell*:

    - The unconstitutional conduct was taken pursuant to official policy;
    - It was committed by final policymakers; and
    - It was the moving force behind the deprivation of Plaintiff's clearly established First Amendment rights.

43. Defendants therefore cannot invoke qualified immunity, and the City is liable for the resulting injuries, including the chilling of speech, humiliation, and emotional distress caused by its unconstitutional enforcement scheme.

## COUNT FIVE
### RETALIATION UNDER COLOR OF LAW

44. Defendants' physically removal and intimidation of Plaintiff constitute retaliation for protected speech in violation of Houston Community College v. Wilson, 595 U.S. 468 (2022) and Hartman v. Moore, 547 U.S. 250 (2006).

45. Defendants' conduct was not a mere procedural overstep, it was a deliberate and punitive act of governmental retaliation. Acting under color of law and municipal authority, City officials caused Plaintiff to be **physically seized and removed by armed law-enforcement officers**, publicly humiliated before his peers, and subsequently **barred from reentering City Hall** all for the sole "offense" of engaging in constitutionally protected political speech. The use of police power to silence a critic and to chill further participation in public discourse constitutes one of the most egregious forms of retaliation condemned by the First Amendment. Such calculated intimidation would deter a person of ordinary firmness from exercising free-speech rights and thus violates the core principles articulated in *Houston Community College System v. Wilson*, 595 U.S. 468 (2022), and *Hartman v. Moore*, 547 U.S. 250 (2006). Defendants' actions transformed a civic forum into a punitive theater of suppression, weaponizing governmental authority to punish dissent and annihilate the very freedoms they are sworn to protect.

46. The Defendants' retaliatory actions inflicted not only humiliation and emotional trauma but also an **ongoing, irreparable constitutional injury**. As the Supreme Court made unmistakably clear in *Elrod v. Burns*, 427 U.S. 347, 373 (1976), "**the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.**" By forcibly removing Plaintiff, publicly stigmatizing him, and barring his re-entry to City Hall, Defendants have inflicted precisely the type of harm *Elrod* condemns: a chilling of speech that silences not only this Plaintiff but every citizen who witnesses such punishment. Each day that these restrictions remain in effect compounds the constitutional damage, eroding the public's trust and discouraging lawful participation in civic life. The retaliatory use of police authority to suppress political speech is anathema to a free republic and warrants immediate injunctive intervention to restore the status quo and prevent further injury to Plaintiff and the community at large.

## COUNT SIX
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985(3))

47. This case presents one of the most **egregious and deliberate conspiracies by public officials to suppress constitutional liberty** ever to disgrace the authority of a municipal government. Acting willfully, maliciously, and under color of law, Defendants **Rachel L. Proctor, Andre Byrd, Sr.,** and **Joseph Gorfida**, together with subordinate City agents and police personnel, **entered into a calculated agreement** to silence, punish, and make an example of Plaintiff for exercising his protected right to criticize public officials. This coordinated scheme was not a misunderstanding

of law, it was a **premeditated assault upon the First Amendment**, executed in concert to intimidate Plaintiff and every citizen who might dare to question those in power. Extra law enforcement officers were present during this meeting, anticipating removal of Plaintiff.

48. Defendants' conspiracy was deliberate in design and ruthless in execution. Under the guise of enforcing "decorum," they jointly orchestrated the drafting, adoption, and weaponized enforcement of the City's so-called "Citizen's Commitment" rule, a policy **engineered to shield City leadership from scrutiny** and to extinguish political speech at its source. In furtherance of this unlawful agreement, Defendants acted in unison to interrupt Plaintiff's address, direct law enforcement to **forcibly remove him from the council chamber**, and subsequently **ban him from City Hall** altogether. These acts were calculated to inflict humiliation, broadcast fear, and deter the community from engaging in political discourse.

49. The conspiracy's object and effect were unmistakable: to **suppress criticism of City leadership** and to deprive Plaintiff and all similarly situated citizens of **equal protection of the laws and the privileges secured by the Constitution**. The collaboration among these officials constitutes a civil-rights conspiracy within the meaning of *42 U.S.C. § 1985(3)*, as recognized in *Griffin v. Breckenridge*, 403 U.S. 88 (1971), where the Supreme Court held that a private or public conspiracy to deprive individuals of equal protection strikes at "the very heart of the Fourteenth Amendment." Here, the heart of the First Amendment itself was pierced—by those sworn to defend it.

50. Defendants' collective conduct reflects an **institutionalized campaign of oppression**. Through official meetings, directives, and coordinated acts, they transformed City Hall from a forum of civic participation into an instrument of retribution. Their conspiracy was not spontaneous; it was deliberate, continuous, and reaffirmed through the City Attorney's legal endorsement of policies he knew—or should have known—violated both *Tex. Gov't Code § 551.007(e)* and binding constitutional precedent, including *Biggers v. Massingill*, No. 23-11023 (5th Cir. Feb. 7 2025).

51. As a direct result of this collusive misconduct, Plaintiff suffered **severe emotional distress, public degradation, reputational damage, and continuing deprivation of his right to speak, assemble, and petition his government**. The conspiracy has chilled the entire DeSoto community, sending the unmistakable message that dissent will be punished by force, exclusion, and public shame. Such a coordinated abuse of office constitutes **a gross perversion of public trust** and falls squarely within the prohibitions of *§ 1985(3)*.

52. Plaintiff therefore demands that this Court **hold each Defendant jointly and severally liable** for their willful participation in this conspiracy, award compensatory and punitive damages commensurate with the gravity of their misconduct, and issue declaratory and injunctive relief prohibiting any further concerted interference with the exercise of First Amendment rights by Plaintiff or any resident of the City of DeSoto.

**COUNT SEVEN**
**NEGLECT TO PREVENT CONSPIRACY (42 U.S.C. § 1986)**

53. Each Defendant named herein—particularly City Attorney Joseph Gorfida, as the City's chief legal officer—had actual knowledge of the unlawful conspiracy described in Count Six, the means by which it would be carried out, and the imminent deprivation of Plaintiff's civil rights that would result. Despite possessing the authority and legal obligation to prevent or correct such misconduct, they willfully failed and refused to do so.

54. Section 1986 imposes liability upon any person who, "having knowledge that any of the wrongs conspired to be done, and being able to prevent or aid in preventing the same, neglects or refuses so to do." Here, City Attorney Gorfida not only knew of the impending violation but affirmatively legitimized it—publicly advising that the Council could adopt and enforce restrictions silencing citizens who criticized elected officials. This false counsel, given under color of official capacity, emboldened the Mayor and Council to proceed with their unlawful scheme and directly facilitated the deprivation of Plaintiff's constitutional rights.

55. Likewise, Mayor Proctor and Councilmember Byrd were fully aware that the City's "Citizen's Commitment" rule and its selective enforcement violated both Tex. Gov't Code § 551.007(e) and the First Amendment as interpreted in Biggers v. Massingill, No. 23-11023 (5th Cir. Feb. 7 2025), and Fairchild v. Liberty ISD, 597 F.3d 747 (5th Cir. 2010). Yet, instead of halting the misconduct, they acted in concert to execute it, demonstrating deliberate indifference to the rights of Plaintiff and the citizenry they serve.

56. This conscious neglect and complicity transformed the Defendants from mere bystanders into enablers of constitutional injury. Their inaction was not born of ignorance but of willful disregard for the rule of law and the protections guaranteed by the First and Fourteenth Amendments. Such dereliction falls squarely within the ambit of § 1986 liability.

57. As a direct and proximate result of Defendants' neglect to prevent the conspiracy, Plaintiff suffered physical removal, public humiliation, exclusion from public property, emotional distress, and the ongoing deprivation of his right to speak and petition his government. Each Defendant is jointly and severally liable for damages and for all equitable relief necessary to restore and protect Plaintiff's constitutional liberties.

58. Defendants acted in concert to suppress criticism of city leadership, thereby depriving Plaintiff and similarly situated citizens of equal protection and privileges secured by law.

**VI. JOINT AND SEVERAL LIABILITY, INJURY & DAMAGES**

59. All Defendants—the City of DeSoto, Mayor Rachel L. Proctor, Councilmember Andre Byrd Sr., and City Attorney Joseph Gorfida—acted in concert and with common purpose to deprive Plaintiff of his civil and constitutional rights. Their coordinated conduct, undertaken under color of state law, constitutes a single, continuous course of retaliation and suppression in violation of 42 U.S.C.

§§ 1983, 1985(3), and 1986. Each Defendant was a moving force behind the deprivation; each knew or reasonably should have known that the actions were unlawful; and each willfully participated, directed, or ratified the misconduct.

60. Because these acts were joint, intentional, and conspiratorial, all Defendants are jointly and severally liable for the full measure of damages sustained by Plaintiff. This includes, but is not limited to:

    (a) Compensatory damages for emotional distress, humiliation, reputational injury, and the chilling of Plaintiff's speech and civic participation;

    (b) Economic damages associated with loss of business, community standing, and public opportunities resulting from the unlawful exclusion;

    (c) Punitive damages sufficient to punish and deter future constitutional violations by municipal officers who wield authority as a weapon against dissent; and

    (d) Attorney's fees and costs pursuant to 42 U.S.C. § 1988, and any other equitable relief this Court deems appropriate.

61. The Defendants' conduct was egregious, deliberate, and malicious, reflecting reckless indifference to federally protected rights and the public trust. Their misuse of governmental power to silence criticism constitutes not only a deprivation of one citizen's liberty but a direct assault upon the foundations of democratic accountability. Plaintiff therefore seeks full legal and equitable restitution, including injunctive and declaratory relief restoring his access to City Hall and affirming that no resident shall again be silenced for speaking truth to power.

62. Plaintiff has suffered:

    - **Embarrassment, humiliation, and mental anguish** from being silenced before peers and the public;

    - **Chilling of speech and civic participation** through intimidation and fear of reprisal;

    - **Loss of reputation and standing** as a community advocate;

    - **Ongoing emotional distress** resulting from Defendants' coordinated efforts to suppress dissent;

    - **Nominal, compensatory, and punitive damages** for violations of federal civil rights; and

    - **Declaratory and injunctive relief** to prevent further injury.

63. Plaintiff sustained humiliation, emotional distress, reputational injury, and continuing chill of speech. He seeks **$1,000,000** in compensatory and punitive damages and fees under **42 U.S.C. § 1988**.

## VII. REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

64. Pursuant to **28 U.S.C. §§ 2201–2202** and **Fed. R. Civ. P. 65**, Plaintiff respectfully requests:

    (a) **A Declaratory Judgment** that Defendants' rules and practices violate the First and Fourteenth Amendments;

    (b) **A Temporary Restraining Order and Preliminary Injunction** enjoining Defendants from enforcing any rule prohibiting naming or criticizing officials or removing citizens based on viewpoint during public comment;

    (c) **A Permanent Injunction** prohibiting future enforcement of these unconstitutional restrictions; and;

    (d) **An Order Compelling** the City to revise its public-participation policy consistent with constitutional standards.

65. These facts compel the issuance of **emergency injunctive relief under Federal Rule of Civil Procedure 65**. Plaintiff has shown a clear **likelihood of success on the merits**, as the Defendants' actions mirror those the Fifth Circuit condemned in *Biggers v. Massingill*, No. 23-11023 (5th Cir. Feb. 7 2025), where removal of a speaker for naming an official was held to be a "textbook violation of the First Amendment."

66. The **irreparable harm** element is satisfied by the continuing deprivation of free-speech and petition rights, which the Supreme Court in *Elrod v. Burns*, 427 U.S. 347, 373 (1976), declared "unquestionably" irreparable. The **balance of equities** weighs overwhelmingly in Plaintiff's favor, as the City suffers no cognizable harm from obeying the Constitution, while Plaintiff endures public banishment and civic silencing.

67. Finally, the **public interest** demands swift judicial intervention: when a municipal government transforms its council chamber from a forum for citizen oversight into an instrument of intimidation, every resident's faith in democratic governance is imperiled. For these reasons, the Court should issue an immediate **Temporary Restraining Order** preserving the status quo, enjoining further enforcement of the "Citizen's Commitment" rule, and restoring Plaintiff's right to attend and speak at City Council meetings without fear of arrest, expulsion, or reprisal.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff TERRENCE GORE respectfully prays that this Court exercise its equitable authority to immediately restore his constitutional rights and public standing by:

(a) enjoining the City of DeSoto, its officers, agents, employees, and all persons acting in concert with them from enforcing or threatening to enforce the "Citizen's Commitment" rule, or any policy that prohibits citizens from naming or criticizing elected officials during public comment;

1. **Issue a Temporary Restraining Order and Preliminary Injunction** enjoining Defendants, their officers, agents, and employees, from:
   a. Enforcing any rule, policy, or practice that prohibits citizens from naming or criticizing elected officials during public comment periods at City Council meetings.
   b. Removing or threatening to remove any citizen based on the content or viewpoint of their speech, including criticism deemed "personal" or "impertinent."
   c. This relief should be granted immediately and remain in effect during the pendency of this litigation.

2. **After a trial on the merits, Issue a Permanent Injunction** prohibiting the same conduct described above.

3. **Enter a Declaratory Judgment** stating that:
   a. The City's "Citizen's Commitment" rule and its enforcement against critical speech violate the First and Fourteenth Amendments to the U.S. Constitution.
   b. Defendants' actions of silencing and physically removing Plaintiff from the September 16, 2025, meeting violated his constitutional rights.
   c. Defendants' action causes Plaintiff harm and injury

4. **Award Compensatory Damages** against all Defendants, jointly and severally, in an amount to be determined at trial for the deprivation of rights, emotional distress, embarrassment, humiliation, and intimidation.

5. **Award Punitive Damages** against the individual Defendants in their official capacities to the extent allowed by law.

6. **Award Attorney's Fees, Costs, and Expenses** pursuant to 42 U.S.C. § 1988 and other applicable law.

7. **Direct the Clerk of Court to issue summons** for each Defendant named in this Complaint.

8. **Order that service of all process, pleadings, and orders in this action, including the initial summons and this Complaint, be effected by the United States Marshals Service,** with all costs of service to be advanced by the United States, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

9. **Grant Plaintiff a Trial by Jury** on all issues so triable.

10. **Grant such other and further relief** to which Plaintiff may be justly entitled, and as this Court deems just and proper to deter future neglect and restore public confidence in the integrity of municipal governance.

## IX. REQUEST FOR ISSUANCE OF SUMMONS AND SERVICE BY U.S. MARSHAL

Prompt and immediate service of process is essential due to the **ongoing deprivation of constitutional rights** and the **imminent and irreparable harm** described herein. Plaintiff therefore requests that service be effectuated **without delay** upon the following Defendants:

- **CITY OF DESOTO, TEXAS**, a home-rule municipality, may be served through its Interim City Secretary, **LaGerisyn Runnels**, at **211 East Pleasant Run Road, DeSoto, Texas 75115**.

- **RACHEL L. PROCTOR**, in her individual and official capacity as **Mayor of the City of DeSoto**, and individual capacity, may be served at **211 East Pleasant Run Road, DeSoto, Texas 75115**, , alternatively at, **725 Village Green Dr., DeSoto, TX 75115**.

- **ANDRE BYRD, SR.**, in his official capacity as **City Councilmember for the City of DeSoto**, and individual capacity may be served at **1730 Richlen Way, DeSoto, TX 75115**, alternatively at, **211 East Pleasant Run Road, DeSoto, Texas 75115**.

- **JOSEPH GORFIDA**, in his official capacity as **City Attorney for the City of DeSoto**, and individual capacity, may be served through his law office, **Nichols, Jackson, Dillard, Hager & Smith, L.L.P., 500 North Akard Street, Suite 1800, Dallas, Texas 75201**.

Service shall be made pursuant to **Federal Rule of Civil Procedure 4(j)(2)** and applicable provisions of **Texas Rule of Civil Procedure 106**. Because Plaintiff will be proceeding *in forma pauperis*, he respectfully requests that the Clerk of this Court to issue a summons for each Defendant and direct the United States Marshals Service to serve a copy of the summons, this Complaint, and all other initial pleadings and court orders upon the Defendants. This service shall be made at the government's expense, with all costs advanced by the United States.

Such expedited service is necessary to enable immediate judicial consideration of Plaintiff's request for **temporary restraining and injunctive relief** and to prevent further ongoing violations of the First and Fourteenth Amendments.

                                                            Terrence M. Gore  
                                                            Plaintiff, Pro Se  
                                                            1500 Silver Creek Drive  
                                                            DeSoto, Texas 75115  
                                                            (214) 414-6306  
                                                            tmgore972@gmail.com

## VERIFICATION AND UNSWORN DECLARATION

I, **Terrence M. Gore**, the undersigned Plaintiff, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that I am the Plaintiff in the foregoing **Plaintiff's Original Complaint For Declaratory Relief, Temporary Restraining Order, Preliminary And Permanent Injunction, And Damages** ; that I have read the foregoing pleading and know the contents thereof; and that the factual statements contained therein are true and correct to the best of my personal knowledge, information, and belief.

I make this verification and declaration voluntarily, under penalty of perjury, and understand that it carries the same legal force and effect as a sworn affidavit executed before a notary public.

Executed this 13th day of October, 2025, in DeSoto, Dallas County, Texas.

**Terrence M. Gore**
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Plaintiff's Original Complaint For Declaratory Relief, Temporary Restraining Order, Preliminary And Permanent Injunction, And Damages** has been submitted to the Clerk of Court for filing via the court's CM/ECF system, this **13th day of October, 2025**.   Service upon the Defendants will be effected as directed by the Court.

**Terrence M. Gore**
Plaintiff, Pro Se

14 of 14

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Terrence M. Gore

## DEFENDANTS
City of DeSoto, R. Proctor, A. Byrd Sr., J. Gorfida

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

RECEIVED OCT 15 2025 CLERK NORTHERN DISTRICT

3-25CV2802-S

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution

Brief description of cause:
DEPRIVATION OF 1ST AMENDMENT RIGHTS BY A MUNICIPAL ENTITY AND ITS OFFICIALS

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____