IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE M. GORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2802-S-BN |
| | § | |
| CITY OF DESOTO, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Terrence M. Gore filed a *pro se* complaint alleging First Amendment claims relating to the DeSoto City Council's speaker rules during its meetings as well as other federal and state claims. *See* Dkt. No. 3. And the presiding United States district judge referred Gore's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Gore filed an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. But the Court issued an order noting deficiencies in the IFP motion and ordering Gore to file an amended motion. *See* Dkt. No. 9.

Gore filed an *ex parte* emergency motion for temporary restraining order and preliminary injunction. *See* Dkt. No. 6. And the next day, he filed an amended complaint. *See* Dkt. No. 7.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion for a temporary restraining

order without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 65(b)(1). But the undersigned does not address the portion of the motion requesting issuance of a preliminary injunction and would consider ordering briefing as to the preliminary injunction if the IFP motion is granted.

## Discussion

Granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

So, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

"A TRO is simply a highly accelerated and temporary form of preliminary

injunctive relief," so "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up). But, for an *ex parte* TRO, the applicant must also meet the requirements of Federal Rule of Civil Procedure 65(b)(1), which provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

Although Gore did verify his complaint and amended complaint, his explanation of need for an emergency order without notice is that the next regularly scheduled meeting of the DeSoto City Council will occur on October 21, 2025 and that a special meeting has been scheduled for October 20, 2025. *See* Dkt. No. 6 at 1, 2. But Gore also asserts that the events giving rise to this complaint occurred on September 16, 2025 at the last regularly scheduled meeting of the DeSoto City Council. *See* Dkt. No. 6 at 2. That is, despite being aware of at least the dates of the regular City Council meetings, Gore's delay in filing until just before the next DeSoto City Council meeting created the emergency that Gore claims prevents the adverse party from being heard in opposition.

But, even if Gore did meet the requirements for Federal Rule of Civil Procedure 65(b)(1)(A), he has not met the requirements for Federal Rule of Civil Procedure

65(b)(1)(B). Although Gore does attach a copy of the agenda for the October 21, 2025 DeSoto City Council meeting reflecting that this litigation is set to be discussed in executive session, *see* Dkt. No. 6-1 at 1, the fact that the adverse parties are aware of the litigation is not equivalent to a showing of Gore's efforts to make them aware of the relief he is seeking or the reasons why such efforts should not be required. Although Gore seeks to proceed IFP, granting the IFP motion does not relieve Gore of any obligation as a *pro se* litigant to confer with the adverse party, but only relieves him of the need to effect formal service of process.

So the Court should deny without prejudice the portion of Gore's motion seeking an *ex parte* temporary restraining order for failure to meet the requirements of Federal Rule of Civil Procedure 65(b)(1).

## Recommendation

The Court should deny without prejudice the portion of Gore's motion seeking an *ex parte* temporary restraining order for failure to meet the requirements of Federal Rule of Civil Procedure 65(b)(1). But the undersigned does not address the portion of the motion requesting issuance of a preliminary injunction and would consider ordering briefing as to the preliminary injunction if the IFP motion is granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 17, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE