# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| TERRENCE M. GORE | § |
| | § |
| v. | §  CIVIL ACTION NO. 3:25-CV-2802-S-BN |
| | § |
| CITY OF DESOTO, TEXAS, et al. | § |

## ORDER

Plaintiff Terrence M. Gore filed a pro se complaint alleging First Amendment claims relating to the DeSoto City Council's speaker rules during its meetings as well as other federal and state claims. *See* ECF No. 3. Gore also filed a motion for an ex parte temporary restraining order and then filed an amended complaint. *See* ECF Nos. 6, 7. The Magistrate Judge entered findings of fact, conclusions of law, and recommendation ("FCR") recommending denial of the temporary restraining order for failure to meet the requirements of Federal Rule of Civil Procedure 65(b)(1). *See* ECF No. 12.

Gore filed objections. *See* ECF No. 13. He then filed a sealed brief in support of his motion but did not file a motion to seal or otherwise provide any explanation as to why his brief should be sealed. *See* ECF No. 17. Thereafter, Gore filed a second temporary restraining order motion purporting to meet the requirements of Rule 65(b)(1). *See* ECF No. 18.

A temporary restraining order is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion," *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989), that all four of the following exist: "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the [injunctive relief] will not disserve

the public interest," *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 252-53 (5th Cir. 2009).

For an ex parte temporary restraining order, the applicant must also meet the requirements of Federal Rule of Civil Procedure 65(b)(1), which provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

In the FCR, the Magistrate Judge found that Gore did not meet the second requirement for ex parte relief by certifying in writing his efforts to give notice to the defendants or their counsel and the reasons why it should not be required. *See* ECF No. 12 at 4. The Magistrate Judge did take note of evidence provided indicating that litigation against Gore was scheduled to be discussed in closed session at the October 21, 2025, meeting. *See id.* Gore's most recent filing, however, makes it appear more likely that this discussion was regarding a state court case filed against the same defendants and asserting violations of the First Amendment, the Texas Open Meetings Act, and the Texas Constitution. *See Gore v. City of DeSoto*, No. DC-25-18240 (193rd Dist. Ct., Dallas County, Tex.). Defendants have been served and appeared in that case, and it has been removed to this Court. *See Gore v. City of DeSoto*, No. 3:25-cv-2955-E-BT (N.D. Tex.) (removed Oct. 30, 2025). Gore's motion for an ex parte temporary restraining order in that case was denied on October 31, 2025, and Gore filed a second sealed motion for an ex parte temporary restraining order on November 2, 2025, despite the fact that defendants have already appeared in that case. *See id.* at ECF Nos. 1-14, 1-15.

Despite being actively engaged in another case with the same defendants and having the contact information for their counsel, Gore continues to seek ex parte relief, explaining that notice "would only embolden the Council to act more brazenly" because Gore has not obtained relief in his other case. *See* ECF No. 18 at 5. He also purports to provide notice of the motion to defendant in a certificate of service, but the certificate does not explain how or when notice will be provided. *See id.* at 6.

Even if Gore's latest filing met the requirements for ex parte relief, however, he has not "clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013). Gore cites the recent Fifth Circuit decision in *Biggers v. Massengill*, No. 23-11023, 2025 WL 429974 (5th Cir. Feb. 7, 2025), in support of his position, but that opinion addresses the standard applicable to a motion to dismiss as opposed to the high burden to establish a right to the extraordinary relief of a temporary restraining order and does not decide whether decorum rules in that case are facially discriminatory based on viewpoint. *See id.* at *1, *2 nn.2, 3; *see also Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010) (upholding speaker rules at local governmental meetings as neutral and non-viewpoint-discriminatory). The facts alleged here are not sufficient to carry the burden of persuasion that there is a substantial likelihood that Gore will prevail on the merits.

The Court therefore finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge [ECF No. 12] were rendered **MOOT** by Gore's subsequent filings, **DIRECTS** the Clerk of Court to unseal Plaintiff's Supplemental Verified Ex Parte Emergency Application for Temporary Restraining Order and Memorandum of Law in Support [ECF No. 17] for failure to file a motion to seal, and **DENIES** Plaintiff's Motion for Emergency Ex Parte Temporary

3

Restraining Order with Notice [ECF No. 18] and Plaintiff's Ex Parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 6].

**SO ORDERED.**

SIGNED November 4, 2025.

_____
**UNITED STATES DISTRICT JUDGE**